**FILED**
**U.S. District Court**
**District of Kansas**
07/08/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**BARRY JAMES,**

        **Plaintiff,**

        **v.**                     **CASE NO.  26-3179-JWL**

**APRIL HAGAN, et al.,**

        **Defendants.**

## MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff Barry James is required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.  Plaintiff is also given the opportunity to file an amended complaint to cure the deficiencies.

## I.  Nature of the Matter before the Court

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983.  At the time of filing, Plaintiff was in custody at the Wyandotte County Detention Center in Kansas City, Kansas.  The Court grants Plaintiff's motion for leave to proceed in forma pauperis (Doc. 2).  The Court issued a notice of deficiency (Doc. 3) ("NOD") directing Plaintiff to provide the financial information required to support his motion for leave to proceed in forma pauperis.  The deadline to respond to the NOD is July 15, 2026.  Plaintiff has filed a motion seeking an extension of time (Doc. 7). Because the NOD contains the only deadline in this case, the Court will consider the motion as a request to extend the deadline to comply with the NOD.  Because the Court is granting Plaintiff leave to proceed in forma pauperis, the motion seeking an extension of time is denied as moot.

1

Plaintiff's claims relate to his state court criminal proceedings. Plaintiff claims that April Hagan, a detective with the Kansas City, Kansas Police Department, signed an application for a warrant, and Plaintiff was arrested without probable cause. (Doc. 1, at 1–2.) Plaintiff claims that Police Officer McCluskey caused "serious bodily injury to another or cause[d] such injury purposely, knowingly, or reckless under circumstances." *Id*. at 2. Plaintiff seeks $15,000 from each Defendant. *Id*. at 2.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

2

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it

3

innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

### III. DISCUSSION

Plaintiff's claims relate to his state criminal case. *See State v. James*, Case No. WY-2025-CR-000026 (District Court of Wyandotte County, Kansas). Plaintiff pleaded guilty to aggravated assault and battery on LEO. *Id*. On May 9, 2025, Plaintiff was sentenced to a 27-month term of imprisonment with probation granted, and 12 months of postrelease supervision. *Id*. On August 27, 2025, Plaintiff stipulated to a technical violation of probation and was ordered to serve three sanction days. *Id*. Plaintiff stipulated to probation violations on November 18, 2025, and again on June 10, 2026. *Id*. At the revocation hearing on June 10, 2026, Plaintiff was ordered to serve 60 days of shock time and to be released to inpatient when available. *Id*. On July 2, 2026, the Court received a notice of change of address from Plaintiff indicating that he is now housed at Mirror, Inc. in Shawnee, Kansas. (Docs. 5, 5–1.)

Before Plaintiff may proceed in a federal civil action for monetary damages based upon an invalid conviction or sentence, he must show that his conviction or sentence has been overturned, reversed, or otherwise called into question. *Heck v. Humphrey*, 512 U.S. 477 (1994). If Plaintiff has been convicted and a judgment on Plaintiff's claim in this case would necessarily imply the invalidity of that conviction, the claim may be barred by *Heck*. In *Heck v. Humphrey*, the United States Supreme Court held that when a state prisoner seeks damages in a § 1983 action, the district court must consider the following:

> whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id*. at 487.  In *Heck*, the Supreme Court held that a § 1983 damages claim that necessarily implicates the validity of the plaintiff's conviction or sentence is not cognizable unless and until the conviction or sentence is overturned, either on appeal, in a collateral proceeding, or by executive order.  *Id*. at 486–87.  Plaintiff has not alleged that the conviction or sentence has been invalidated.

It is possible that an excessive force claim may not be barred by *Heck*, depending on the facts surrounding the arrest.  "An excessive-force claim against an officer is not necessarily inconsistent with a conviction for assaulting the officer."  *Torres v. Madrid*, 60 F.4th 596, 600 (10th Cir. 2023) (citing *Havens v. Johnson*, 783 F.3d 776, 782 (10th Cir. 2015)).  "For example, the claim may be that the officer used too much force to respond to the assault or that the officer used force after the need for force had disappeared." *Id.*  "[I]n cases where there are multiple uses of force or a continuing use of force, *Heck* may bar the plaintiff's claims as to some force but not all."  *Id*. at 600–01 (citing *Hooks v. Atoki*, 983 F.3d 1193, 1197, 1201 (10th Cir. 2020) (although *Heck* barred plaintiff, who had pleaded no contest to two counts of assault and battery on a police officer, from bringing excessive-force claims based on four uses of force involved in subduing him, "[t]he fifth and sixth uses of force [we]re different" and thus not barred by *Heck* because plaintiff had alleged that he "no longer posed a threat")).

In *Torres*, the Tenth Circuit reversed the decision finding plaintiff's claims were barred by *Heck* as inconsistent with plaintiff's no-contest pleas to charges of aggravated flight from a law-enforcement officer and assault upon a peace officer "because her pleas are not inconsistent with her claims that the officers used excessive force by firing at her after she had driven past them and no longer posed a threat to them." *Id*. at 599–600.  "The analysis of whether *Heck* bars the entirety of a plaintiff's excessive-force claims thus requires 'compar[ing] the plaintiff's allegations to the

5

offense [s]he committed." *Id*. at 601 (citing *Havens*, 783 F.3d at 782).

Plaintiff fails to provide any supporting facts as to why he believes he was arrested without probable cause or how the officer used excessive force.  Most of Plaintiff's Complaint contains definitions or unrelated legal phrases. Plaintiff claims that he suffered great humiliation, embarrassment, and suffering, but fails to state on what conduct he is basing his claims.  (Doc. 1, at 2.)   A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  *Hall*, 935 F.2d at 1110.  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555 (citations omitted).  The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face."  *Id.* at 555, 570.  Plaintiff has failed to provide any factual allegations to support his claims.  Plaintiff should show good cause why his Complaint should not be dismissed for failure to state a claim.   Plaintiff is also given the opportunity to file an amended complaint to add factual allegations.

## IV.  Response and/or Amended Complaint Required

Plaintiff is required to show good cause why Plaintiff's claims should not be dismissed for the reasons stated herein.  Plaintiff is also given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein.  To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint.  *See* Fed. R. Civ. P. 15.  An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it.   Therefore, any claims or allegations not included in the amended complaint are no longer before the court.  It follows that

a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint.

Plaintiff must write the number of this case (26-3179-JWL) at the top of the first page of the amended complaint and must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a).  Plaintiff should also refer to each defendant again in the body of the amended complaint, where Plaintiff must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances.  Plaintiff must allege sufficient additional facts to show a federal constitutional violation.  Plaintiff is given time to file a complete and proper amended complaint in which Plaintiff (1) raises only properly joined claims and defendants; (2) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (3) alleges sufficient facts to show personal participation by each named defendant.  If Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, Plaintiff's claims may be dismissed without further notice.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is **granted.**

**IT IS FURTHER ORDERED** that Plaintiff's motion for extension of time (Doc. 7) is **denied as moot.**

**IT IS FURTHER ORDERED** that Plaintiff is granted until **August 10, 2026,** in which to show good cause, in writing to the undersigned, why Plaintiff's Complaint should not be dismissed for failure to state a claim.

**IT IS FURTHER ORDERED** that Plaintiff is also granted until **August 10, 2026**, in which to file a complete and proper amended complaint to cure all the deficiencies discussed herein.

The Clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated July 8, 2026, in Kansas City, Kansas.**

<u>**S/  John W. Lungstrum**</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**