FILED
U.S. District Court
District of Kansas
08/18/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**BARRY JAMES,**

**Plaintiff,**

**v.** **CASE NO. 26-3179-JWL**

**APRIL HAGAN, et al.,**

**Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. At the time of filing, Plaintiff was in custody at the Wyandotte County Detention Center in Kansas City, Kansas. The Court granted Plaintiff leave to proceed in forma pauperis. On July 8, 2026, the Court entered a Memorandum and Order to Show Cause (Doc. 8) ("MOSC") granting Plaintiff until August 10, 2026, in which to show good cause why his Complaint should not be dismissed for failure to state a claim, or to file an amended complaint to cure the deficiencies noted in the MOSC. Plaintiff has failed to respond by the Court's deadline.

Plaintiff's claims relate to his state court criminal proceedings. Plaintiff claims that April Hagan, a detective with the Kansas City, Kansas Police Department, signed an application for a warrant, and Plaintiff was arrested without probable cause. (Doc. 1, at 1–2.) Plaintiff claims that Police Officer McCluskey caused "serious bodily injury to another or cause[d] such injury purposely, knowingly, or reckless under circumstances." *Id*. at 2. Plaintiff seeks $15,000 from each Defendant. *Id*. at 2.

The Court found in the MOSC that Plaintiff's claims relate to his state criminal case. *See State v. James*, Case No. WY-2025-CR-000026 (District Court of Wyandotte County, Kansas). Plaintiff pleaded guilty to aggravated assault and battery on LEO. *Id*. On May 9, 2025, Plaintiff

was sentenced to a 27-month term of imprisonment with probation granted, and 12 months of postrelease supervision. *Id*. On August 27, 2025, Plaintiff stipulated to a technical violation of probation and was ordered to serve three sanction days. *Id*. Plaintiff stipulated to probation violations on November 18, 2025, and again on June 10, 2026. *Id*. At the revocation hearing on June 10, 2026, Plaintiff was ordered to serve 60 days of shock time and to be released to inpatient when available. *Id*. On July 2, 2026, the Court received a notice of change of address from Plaintiff indicating that he is now housed at Mirror, Inc. in Shawnee, Kansas. (Docs. 5, 5–1.)

The Court found in the MOSC that before Plaintiff may proceed in a federal civil action for monetary damages based upon an invalid conviction or sentence, he must show that his conviction or sentence has been overturned, reversed, or otherwise called into question. *Heck v. Humphrey*, 512 U.S. 477 (1994). The Court also found that Plaintiff failed to provide any supporting facts as to why he believes he was arrested without probable cause or how the officer used excessive force. Most of Plaintiff's Complaint contains definitions or unrelated legal phrases. Plaintiff claims that he suffered great humiliation, embarrassment, and suffering, but fails to state on what conduct he is basing his claims. (Doc. 1, at 2.) A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellman*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570. The Court found that Plaintiff failed to provide any factual allegations to support his claims.

The MOSC provides that "[i]f Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, Plaintiff's claims may be dismissed without further notice." (Doc. 8, at 7.) Plaintiff has failed to respond to the MOSC and has failed to show good cause why his Complaint should not be dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated August 18, 2026, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**